### PRIESSENGER *v.* SHARP *et al.*

*(Superior Court of New York City, General Term. May 4, 1891.)*

1. VENDOR AND VENDEE—MARKETABLE TITLE—RECOVERY OF DEPOSIT.
   In an action to recover back a cash payment made on a purchase of real estate on the ground of failure of the defendants' title, it appeared that a prior owner of the property, under whom defendants claimed, had purchased the same at a foreclosure sale in a suit wherein the purchaser was himself trustee in the mortgage and plaintiff in the suit. *Held,* that the title thus obtained was voidable at the instance of the beneficiaries of the trust; that the defendants were chargeable with notice thereof, and, failing to show that there was in fact no breach of trust by said trustee, the title offered to the plaintiff was not marketable, and that he was entitled to recover his deposit and expenses.

2. TESTAMENTARY POWERS—SALES BY TRUSTEE.
   A conveyance executed by a trustee and beneficiary in derogation of a trust created by a will which contains no power, express or implied, to sell and convey title, is absolutely void under Laws N. Y. 1886, c. 257, amending part 2, art. 2, tit. 2, c. 1, § 65, Rev. St., declaring that where a trust is expressed in an instrument creating an estate every sale in contravention thereof shall be absolutely void.

[1] 4 Rev. St. N. Y. (8th Ed.) p. 2437 § 55.

3. JUDGMENT—SERVICE ON ONE OF TWO DEFENDANTS—JOINT LIABILITY.

In an action alleging a joint liability on the part of the defendants the plaintiff may have judgment, although one of the defendants was not served with process, and did not appear, where the facts were not denied by the answer, and were found by the trial judge to be true, under Code Civil Proc. N. Y. § 1932, providing that a judgment may be had against all the defendants where the complaint alleges a joint liability upon contract, although all the defendants be not served with process; and that Code Civil Proc. N. Y. § 265, prescribing the jurisdiction of the superior city courts in proceedings against defendants jointly liable, some of whom reside without the jurisdiction of the court, was not applicable to the case.

Appeal from special term.

Action by John Preissenger against Phebe E. Sharp and Ferdinand G. Soper and others upon a joint liability under contract. Code Civil Proc. N. Y. § 1932, provides that, "in an action wherein the complaint demands judgment for a sum of money against two or more defendants, alleged to be jointly indebted upon contract, if the summons is served upon one or more, but not upon all, of the defendants, the plaintiff may proceed against the defendant or defendants upon whom it is served, unless the court otherwise directs; and if he recovers final judgment it may be taken against all the defendants thus jointly indebted." Code Civil Proc. N. Y. § 265, defining the jurisdiction of the superior city courts in cases of the joint liability of two or more persons, provides: "Where the action or special proceeding is founded upon a contract upon which two or more persons are jointly liable, and the court has or acquires jurisdiction thereof as against one of them, it has jurisdiction thereof as against all the persons so jointly liable. But this subdivision does not extend to a case where the liability is several as well as joint." Defendants appeal from judgment entered upon the decision and by direction of a judge at special term, a trial by jury having been waived.

Argued before SEDGWICK, C. J. and FREEDMAN and MCADAM, JJ.

*Thomas J. McKee,* (*Daniel G. Rollins,* of counsel,) for appellants. *Page & Taft,* for respondent.

FREEDMAN, J. The action was brought to recover back so much of the purchase price of real property as was paid by the plaintiff as the purchaser at the time of the sale, together with the expenses incurred by him in examining title, etc., on the ground that the defendants were unable to give a good title to the premises according to their contract. The plaintiff was entitled to a good marketable title within the rule laid down by the court of appeals in *Church Home* v. *Thompson,* 108 N. Y. 618, 15 N. E. Rep. 193, and *Moore* v. *Williams,* 115 N. Y. 586, 22 N. E. Rep. 233. He was not bound to show that the title tendered was absolutely bad. The exceptions disclosed by the record present two questions, viz.: (1) Whether the findings of the trial judge, to the effect that the defendants did not offer to give and could not give a good marketable title, are supported by the evidence, in which case the conclusions of law based thereon must be sustained; and (2) whether the plaintiff can have judgment notwithstanding the fact that the defendant Georgiana A. Rutherford did not appear in this action, and was not served with a copy of the summons.

As to the first question: The record contains no deed or deeds or other documentary evidence from which the actual state of the title could be determined with precision. The question of title seems to have been litigated principally upon the pleadings. The sixth paragraph of the complaint is as follows, viz.: "(6) On August 1, 1881, one William Callahan and Ann Callahan, his wife, being then the owners in fee of the above-described premises, executed and delivered a mortgage for one thousand dollars on a part of said premises to William R. Soper and Alfred Soper as trustees. Said mortgage was recorded in the office of the register of the city and county of New York, in Liber 1586 of Mortgages, at page 196, on the 2d day of August, 1881. Said mortgage was assigned by the said William R. Soper and Alfred

Soper as trustees, to the said Alfred Soper individually. Said Alfred Soper commenced an action to foreclose said mortgage and another mortgage owned by him covering the rest of said premises, and said action was prosecuted to a judgment of foreclosure and sale, and the said Alfred Soper became the purchaser of said premises at said sale, and the referee appointed in said suit executed to him a deed thereof, purporting to convey the title thereto. Subsequently the said Alfred Soper, having such title to the said premises as he acquired by the said deed from the said referee, and no other title, died, September 13, 1885. He left a will, which was duly admitted to probate on the sixth day of October, 1885, by the surrogate of the county of New York. Letters of administration with the will annexed, dated October 9, 1885, were duly issued upon the estate of the said Alfred Soper to the defendants Phebe E. Sharp and Ferdinand G. Soper, the sister and brother, respectively, of said testator, and they duly qualified as such administrators. By his said will the testator devised one-half of all his real estate to the defendant Phebe E. Sharp. The remaining one-half thereof he devised to the said Phebe E. Sharp, to hold the same in trust for the benefit of his brother, Ferdinand G. Soper, during his life-time, and to pay him the interest accruing on the same, and at his decease the defendant Phebe E. Sharp to use and to hold said real estate for herself or her heirs. The said will gave no power of sale to any executor or administrator or trustee appointed thereunder, nor to any person. That the defendant Georgiana A. Rutherford claims to be seised in fee of an undivided half part of a portion of said premises by virtue of a deed dated December 5, 1888, and recorded in the office of the register of the city and county of New York, February 18, 1889, in Liber 2188 of Deeds, at page 470, which was made to her as grantee by Phebe E. Sharp and Ferdinand G. Soper, individually and as executors with the will annexed of Alfred Soper, deceased." The answer of the defendants Phebe E. Sharp and Ferdinand G. Soper admits these allegations by not denying the same, and, in addition, contains the following express admissions, viz.: "(2) Defendants admit that on the sale of the premises described in the said complaint Alfred Soper became the purchaser of the same, and that he received a deed of said premises from the referee appointed to sell the same, conveying the title thereof to him; and that said Alfred Soper died on September 13, 1885, leaving a last will and testament, which was duly admitted to probate by the surrogate of the county of New York on the 6th day of October, 1885, and that letters of administration with the will annexed, dated October 9, 1885, were duly issued to said defendants, and that they duly qualified. (3) That said last will and testament of Alfred Soper, after disposing of certain pieces of personal property, devises his property as follows: 'I give unto my sister, Phebe E. Sharp, one-half of my property, both real and personal, for her use and benefit. I give unto my sister, Phebe E. Sharp, the remaining half of my property, she to hold the same in trust for the benefit of my brother, F. G. Soper, during his life-time, and to pay him the interest accruing on same. At his decease, my sister, Mrs. P. E. Sharp, to use and hold the property for herself or her heirs.'" It therefore stands admitted beyond dispute that the mortgage made by Callahan to William R. Soper and Alfred Soper as trustees was assigned by said trustees to one of their number individually, and that the latter foreclosed the mortgage and bought the property at foreclosure in his own name. The title obtained by him in this way is presumptively voidable at the instance of the beneficiaries of the trust under which the trustees held the mortgage, and any person taking the title from him takes it with notice of the fact that the mortgage was held in trust. It was competent, however, for the defendants to show that in fact this trust created no defect. But the burden was upon them to show it. They gave no evidence to that effect. Moreover, the plaintiff gave evidence that at the time fixed for the closing of the title the defendants' attorney

stated that somebody might be interested in that mortgage besides the trustees. Under the decision of this court in *Toole* v. *McKiernan*, 48 N. Y. Super. Ct. 163, the title was therefore not marketable. It further appears that the will of Alfred Soper, by devising to the testator's sister one-half of his real estate, to hold the same in trust for the benefit of Ferdinand G. Soper during his life-time, and to pay him the interest accruing on same, created a valid express trust belonging to the third class mentioned in section 55 of article 2, tit. 2, c. 1, of part 2 of the Revised Statutes, (1 Rev. St. p. 728, § 55,) and that the will contains no power of sale, either expressed or implied, which enables the trustee to convey title. In such a case the rule is that the trustee cannot destroy the trust by uniting with the beneficiary in a conveyance of the trust property. Chapter 257 of the Laws of 1886, amending section 65 of article 2, tit. 2, c. 1, of part 2 of the Revised Statutes, expressly provides that where the trust is or shall be expressed in the instrument creating the estate, every sale, conveyance, or other act of the trustees in contravention of the trust shall be absolutely void. The case at bar falls within the prohibition of this statute. Upon the whole case the learned judge below was fully justified in finding that the defendants did not offer to give, and could not give, a good marketable title.

As to the second question, it is sufficient to say that the first, second, and third paragraphs of the complaint alleged a joint liability on the part of the defendants, and that the facts therein set forth, not having been denied by the answer, were found by the trial judge to be true. In such a case section 265 of the Code does not apply, but all of the defendants may be proceeded against, although only a part of them were served. Code, § 1932. All that is necessary is that in docketing the judgment the requirements of section 1936 of the Code, and that upon issuing execution the requirements of sections 1934 and 1935, should be observed. The judgment should be affirmed, with costs. All concur.